**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victoria M. Kowacich; Bryan C. Kowacich,<br><br>        Plaintiffs,<br><br>vs.<br><br>Home America Mortgage Corp.,<br><br>        Defendant. | No. CV 09-1887-PHX-JAT<br><br>**ORDER** |

Pending before this Court are several versions of Defendant's motion to dismiss; the most recent of which is at Doc. #16.[1] This case was previously assigned to a Magistrate Judge, but was reassigned to the undersigned when a party opted-out of Magistrate Judge jurisdiction. Before the party opted-out, but after the motion to dismiss was filed, the Magistrate Judge issued an Order (Doc. #17) that contains incorrect advice to Plaintiffs. Because the Plaintiffs are pro se, the Court issues this Order to correct the misstatements in that Order.

First, the Order states that the Court is required to give "notice" to Plaintiffs that a dispositive motion has been filed. Doc. #17 at 1. The Magistrate Judge was incorrect. The Court is only required to give notice to an inmate, not to all pro se litigants. *Compare Rand v. Rowland*, 154 F.3d 952, 957-58 (9th Cir. 1998) (en banc) *with Jacobsen v. Filler*, 790 F.2d 1362, 1364-67 (9th Cir. 1986). Therefore, Plaintiffs should not anticipate, nor rely on, this Court giving them any notices in the future.

---

[1] Prior versions are at Doc. #15, Doc. #13, and Doc. #3.

Second, the Order says that "the Court may consider evidence beyond your complaint, including sworn declarations and other admissible documentary evidence." Doc. #17 at 1. The Magistrate Judge was also wrong about this advice. Specifically, the motion to dismiss in this case was filed pursuant to Federal Rule of Civil Procedure 12(b)(6). While the Court may look beyond the complaint in considering some types of motions to dismiss, the Court may NOT do so in considering a motion filed under Rule 12(b)(6). *See* Fed. R. Civ. Pro. 12. Thus, Plaintiffs should not plan on submitting evidence in response to the motion to dismiss.

Also pending before this Court is Defendant's "request" for judicial notice. Presumably Defendant, being aware that it could not attach "evidence" to a 12(b)(6) motion, asked this Court to take judicial notice of certain documents. *See* Doc. #2. Plaintiffs have not responded to either the request for judicial notice, nor the motion to dismiss.

Pursuant to Local Rule 7.2(i), this Court may deem the failure of a party to respond to a motion as consent to the motion being granted. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). This Court intends to treat Plaintiffs' failure to respond as consent. However, because the record was inconsistent with the Rules, the Court will give Plaintiffs one last opportunity to respond. Accordingly,

**IT IS ORDERED** that Plaintiffs shall respond to the request for judicial notice (Doc. #2) and the motion to dismiss (Doc. #16) by January 4, 2010, or this Court will deem the failure to respond to be consent to both motions being granted; and alternatively, this Court will dismiss this case for failure to prosecute and failure to comply with a Court order. *See* Fed. R. Civ. Pro. 41(b).[2]

DATED this 14th day of December, 2009.

James A. Teilborg
United States District Judge

---

[2] If Plaintiffs respond, to be perfectly clear going forward, in the future this Court will NOT advise Plaintiffs of the date by which they must respond to any filings of Defendant. Plaintiffs are responsible for being familiar with the deadlines set in the Local Rules and the Federal Rules and for complying with those deadlines.