**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victoria M. Kowacich; Bryan C. Kowacich,<br><br>    Plaintiffs,<br><br>vs.<br><br>Home America Mortgage Corp.,<br><br>    Defendant. | No. CV 09-1887-PHX-JAT<br><br>**ORDER** |

On December 14, 2009, this Court ordered Plaintiffs to respond to the pending motion to dismiss by January 4, 2010 or this case would be dismissed for failure to prosecute and failure to comply with a Court order;[1] and, alternatively, the Court would deem the failure to respond to be consent to the motion being granted under the local rules[2] and dismiss on that basis also. Doc. #23. January 4, 2010 has passed and Plaintiffs have not responded to the motion.

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *U.S. v. Warren*, 601 F.2d 471, 474

---

[1] *See* Federal Rule of Civil Procedure 41(b).

[2] Local Rule of Civil Procedure 7.2(i) provides that if an "unrepresented party or counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the issue summarily." LRCiv. 7.2(i).

(9th Cir. 1979)). "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Id.* at 54 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). "Before dismissing the action, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [party seeking dismissal]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

The dismissal factors in this case are similar to those present in *Ghazali*. In that case, the Ninth Circuit upheld summary dismissal of a 42 U.S.C. § 1983 action for the failure to follow a Nevada district court local rule. *Ghazali*, 46 F.3d at 53. The Nevada rule, like Local Rule 7.2(i), considered the failure to file a response to a motion to "constitute a consent to the granting of the motion." *Id.* (quoting D. Nev. R. 140-6). The Court reasoned that the dismissal was proper because the pro se plaintiff was bound by the rules of procedure, and was given notice of the motion and ample time to respond. *Id.* at 54 (citing *King*, 814 F.2d at 567).

Similarly, Plaintiffs in this case have not responded despite receiving Defendant's motion to dismiss, the Magistrate Judge's order ordering a response, and this Court's order ordering a response; the first of which was filed four months ago. Further, this Court's order specifically warned that the lack of a timely response would be deemed consent to the motion being granted. While the public policy favoring resolution on the merits weighs against dismissal, it is no more compelling here than it was in *Ghazali*. As noted in *Wanderer*, the first two factors—expeditious resolution and docket management—generally favor dismissal. *Wanderer*, 910 F.2d at 656. They weigh especially heavily here because of Plaintiffs' total failure to respond a dispositive motion. The third and fifth factors that *Wanderer* emphasized—prejudice and availability of other sanctions—are virtually identical to those

present in *Ghazali*, because that case involved a pro se litigant in exactly the same procedural position as Plaintiffs. Thus, under *Ghazali*, dismissal of Plaintiffs' case under the local rule is justified.

Accordingly,

IT IS ORDERED that the amended motion to dismiss (Doc. #16) is granted; the Clerk of the Court shall enter judgment of dismissal, with prejudice, on February 1, 2010 unless prior thereto Plaintiffs file an amended complaint.[3]

DATED this 12th day of January, 2010.

 James A. Teilborg
United States District Judge

---

[3] Fed.R.Civ.P. 15(a) provides, *inter alia,* that "a party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . ." We have stated that "'[a] motion to dismiss is not a "responsive pleading" within the meaning of the Rule. Neither the filing nor granting of such a motion before answer terminates the right to amend; an order of dismissal denying leave to amend at that state is improper . . . .'" *Mayes*, 729 F.2d at 607 (quoting *Breier v. Northern California Bowling Proprietors' Association*, 316 F.2d 787, 789 (9th Cir. 1963)). If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency. *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962).

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

- 3 -